UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEGAN NAVARRO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1958** |
| **VERIZON WIRELESS, L.L.C., ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States Magistrate Judge's December 19, 2012, Order denying plaintiff's motion to amend her complaint to add punitive damages claims against the defendants is **AFFIRMED.**

## BACKGROUND

This matter is before the court on plaintiff's appeal of the United States Magistrate Judge's December 19, 2012, Order denying her motion for leave to file an amended complaint to add punitive damages claims against the defendants.[1]

On June 21, 2012, plaintiff, Megan Navarro, filed this action against Verizon Wireless, L.L.C., Cellular Sales of Louisiana, LLC, Richard Stillwell, and an unnamed Cellular Sales associate in the Twenty-Second Judicial District Court, Parish of St. Tammany, State of Louisiana. Thereafter, Verizon and Cellular Sales timely removed the action to the United States District Court for the Eastern District of Louisiana alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] Plaintiff also sought leave to file an amended complaint to correct the name of defendant, Verizon Wireless, L.L.C., and to add Cellular Sales of Knoxville as a defendant. The defendants did not oppose the motion as to the name correction. The United States Magistrate Judge denied plaintiff's motion as to adding Cellular Sales of Knoxville as a defendant, but plaintiff does not appeal that decision.

In her complaint, Navarro alleges that in June 2011, she went to the Cellular Sales store in Mandeville, Louisiana to pay her cellular telephone bill. While Navarro was there, the sales associate noticed that the screen of her cellular telephone was cracked, and inquired whether she wanted to purchase a new one. Navarro declined, but the sales associate took her cellular telephone to examine it. When the cellular telephone was returned to her, Navarro noticed that the sales associate apparently looked at some of the programs on it. Although Navarro indicated that she did not want to purchase a new cellular telephone at that time, she did accept the sales associate's offer of trying a different cellular telephone for two weeks.

On June 24, 2011, Navarro returned to the Cellular Sales store to return the borrowed cellular telephone. At that time, Richard Stillwell, a different Verizon sales associate, took the trial cellular telephone and Navarro's cellular telephone to transfer data from the trial cellular telephone back to Navarro's cellular telephone.

After Navarro left the store, she received a message on her cellular telephone from a number unknown to her that contained nude phonographs of herself that she had taken using her cellular telephone's camera. Navarro's mother returned to Cellular Sales to speak with the manager, and Stillwell admitted that he copied the photographs from Navarro's cellular telephone for his own use, and that he accidentally sent them to Navarro's cellular telephone from his cellular telephone. Navarro alleges that Stillwell and the unnamed sales associate manipulated her into trying a new cellular telephone so that they could convert her personal and private information from her cellular telephone for their personal use.

In her complaint, Navarro alleges various tort claims and makes claims under the Stored Communications Act, 18 U.S.C. § 2701, et seq. On November 21, 2012, Navarro filed a Motion for Leave to File a First Supplemental and Amending Complaint.  In the proposed amended complaint, Navarro sought to correct the manner in which Verizon was named, add claims for punitive damages against all defendants under the Stored Communications Act, and add Cellular Sales of Knoxville, Inc., which is Cellular Sales' parent company, as a defendant.

Navarro argued that she should be permitted to add a claim for punitive damages against the defendants because such damages are permitted under the Stored Communications Act, and she inadvertently left the claim out of the original petition.  Verizon and Cellular Sales, citing Garcia v. City of Laredo, Tex., - - - F.3d - - -, 2012 WL 6176479 (5th Cir. 2012), argued that such a claim would be futile because a personal cellular telephone is not a communications facility under the Stored Communications Act.  Navarro argued that it is possible that Stillwell obtained the photographs from a "cloud based" storage system at Verizon rather than directly from her cellular telephone, and that she should be permitted to add the claim and conduct discovery into the manner in which Stillwell obtained the photographs.

The United States Magistrate Judge denied the motion as to adding punitive damages claims against the defendants under the Stored Communications Act, stating that he "think[s] the Garcia case applies."  However, the magistrate judge did note that "if somewhere down the line some of the facts bear out what [plaintiff says], [plaintiff] may move the court at that point under Rule 16 to further amend."

Navarro seeks review of the United States Magistrate Judge's decision denying her leave to amend her complaint to add punitive damages claims.  Navarro argues that it is possible that

3

Stillwell obtained the photographs from a "cloud based" backup system and that she should be permitted to add the claims and conduct discovery. The defendants argue that, in light of Garcia, the United States Magistrate Judge's decision was not clearly erroneous.

## ANALYSIS

### A. Legal Standard

An order issued by a magistrate judge concerning nondispositive pretrial matters, such as an order on a motion for leave to file an amended complaint, is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C. § 636(b)(1)(A) (2009).

### B. Rule 15(a)(2) of the Federal Rules of Civil Procedure

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). A court may deny leave to amend when the amendment is futile. Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 873 (5th Cir. 2000). An amendment is futile when the amended complaint fails to state a claim upon which relief can be granted. Id. (citations omitted). In evaluating futility of an amendment, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quotations omitted).

To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim

is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

**C.  The Stored Communications Act**

In 1986, Congress passed the Stored Communications Act as part of the Electronic Communications Privacy Act to protect "stored communications in remote computing operations and large data banks that stored e-mails." Garcia, 2012 WL 6176479, at *2.  The Stored Communications Act prohibits unauthorized access to wire and electronic communications in temporary and back-up storage, and provides that:

> [W]hoever –
>
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
>
> (2) intentionally exceeds an authorization to access that facility;
>
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2701(a).

In Garcia, the plaintiff brought claims under the Stored Communications Act alleging that the defendant stole her cellular telephone and accessed text messages and photographs stored

thereon. The United States Court of Appeals for the Fifth Circuit recognized that "courts agree that a home computer of an end user is not protected by the SCA," and that "the statute envisions a provider (the ISP or other network service provider) and user (the individual with an account with the provider), with the user's communications in the possession of the provider." Garcia, 2012 WL 6176479, at *3 (citations and quotations omitted). The court then reasoned that "[a]n individual's personal cell phone does not *provide* an electronic communication service just because the device *enables* use of electronic communication services," and that information that an individual stores on her cellular telephone is not electronic storage under the statute. Id. at *3-4 (emphasis in original).

In this case, Navarro alleges that Stillwell obtained photographs from her personal cellular telephone when he had it in his possession. As in Garcia, there is no evidence that the defendants obtained the photographs from a "cloud based" storage system run by Verizon. Thus, Navarro's proposed amendment would be futile, and the United States Magistrate's denial of Navarro's motion for leave to amend her complaint to add a punitive damages claim under the Stored Communications Act is not clearly erroneous.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States Magistrate Judge's December 19, 2012, Order denying plaintiff's motion to amend her complaint to add a punitive damages claim against the defendants is affirmed.

New Orleans, Louisiana, this __24th__ day of January, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**